**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff(s), | ) | Case No: 26cr420-1 |
| | ) | |
| v. | ) | Magistrate Judge: M. David Weisman |
| | ) | |
| Edward James Porter, | ) | |
| | ) | |
| Defendant(s), | ) | |

## ORDER

Initial Appearance held. Removal proceedings held. Defendant Edward James Porter arrested on 7/31/26 and appeared before Judge Weisman on 8/3/26 in response to an arrest warrant issued out of the Southern District of Mississippi. Defendant sworn in and the Court questioned and admonished defendant and finds that the defendant is able to understand rights as they are reviewed. The defendant was advised of rights and the charges pending against him pursuant to Fed. R. Crim. P. 5. Attorney Benjamin Horwitz's oral motion for leave to file an appearance on behalf of Defendant is granted. Enter order appointing Benjamin Horwitz as counsel for defendant. The Government's oral motion for a detention hearing is granted. The Government's oral motion for detention/removal in custody is entered and continued. Detention hearing set for 8/5/26 at 12:30 p.m. before Judge Weisman in courtroom 1003. By agreement, both the government and defendant may proceed by proffer as to all aspects of the detention hearing. Defendant ordered to appear in person by U.S. Marshals Service for the hearing. Identity hearing set for 8/5/26 at 12:30 p.m. The Government will need evidence outside of the charging documents. The Government advised the Court that the U.S. Attorney's office in the Southern District of Mississippi will appeal this Court's ruling as it relates to defendant's detention should the defendant be released. Defendant advised of his right under Rule 20 to resolve the pending charges in the Northern District of Illinois and waives his right. The defendant wishes to defer his right for a preliminary examination hearing for the charging district. The Court sua sponte remands Defendant into the custody of the U.S. Marshals and shall remain in custody. Pursuant to Federal Rule of Criminal Procedure Rule 5(f)(1), the court confirms the prosecutor's continuing obligation under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, to disclose information favorable to the defendant that is material to guilt or punishment. Failure to disclose may result in various consequences, including but not limited to: exclusion of evidence, adverse jury instructions, a mistrial, dismissal of charges, vacatur of a conviction or guilty plea, disciplinary action against the prosecution, and contempt proceedings.

T: (00:10) Initial Appearance T: (00:04) Arraignment

Date: August 3, 2026

_M. David Weisman_
M. David Weisman
United States Magistrate Judge